FILED

2015 Mar-11  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MINNIE LEE TILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number 2:13-cv-1718-SLB |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Minnie Tillis brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits ["DIB"], and supplemental security income ["SSI"]. Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and DIB on June 4, 2010 and an application for SSI on July 29, 2011, alleging a disability onset date of September 10, 2009. (R. 114, 151.)[1] These applications were denied by the Social Security Administration ["SSA"], (R. 71), and plaintiff subsequently requested a hearing before an Administrative

---

[1] Reference to a document number, ("Doc.___"), refers to the number assigned to each document as it is filed in the court's record. References to page numbers in the Commissioner's record are set forth as ("R.___").

Law Judge ["ALJ"], which was held on March 15, 2012, (R. 85). After the hearing, the ALJ found that plaintiff was able to perform her past relevant work as a sales clerk. (R. 32.) In light of this finding, the ALJ denied plaintiff's request for a period of disability, DIB, and SSI on April 19, 2012. (R. 33.)

On April 27, 2012, plaintiff petitioned the Appeals Council to review the ALJ's decision, (R. 17), and on July 16, 2013, the Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security. (R. 1.) Following denial of review by the Appeals Council, plaintiff filed an appeal in this court on September 16, 2013. (Doc. 1.)

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]; rather the court must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))

(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "[N]o . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for DIB or SSI.[2] *See* 20 C.F.R. § 404.1520(a)(1)-(2); *Bowen v. City of New York*, 476 U.S. 467, 470 (1986). For the purposes of this

---

[2] The Regulations state:

> The sequential evaluation process is a series of five "steps" that we follow in a set order. . . . If we can find that you are disabled or not disabled at a step, we make our determination or decision and do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.

20 C.F.R. § 404.1520(a)(4).

evaluation, the meaning of disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987).[3] If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work

---

[3] The Regulations define "substantial gainful activity":

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

> (b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

> (c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572.

experience.  20 C.F.R. § 404.1520(b); § 416.920(b). "Under the first step, the claimant has

the burden to show that she is not currently engaged in substantial gainful activity."

*Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[4]

The ALJ found that plaintiff had not engaged in substantial gainful activity since

September 10, 2009, the alleged onset date. (R. 27.)

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity,  the Commissioner must

next determine whether the claimant suffers from a severe impairment or combination of

impairments that significantly limits the claimant's physical or mental ability to do basic

work activities.  20 C.F.R. § 404.1520(a)(4)(ii), (c); § 416.920(a)(4)(ii), (c). "[A] 'physical

or mental impairment' is an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); § 1382c(a)(3)(D). The regulations

provide: "[I]f you do not have any impairment or combination of impairments which

significantly limits your physical or mental ability to do basic work activities, we will find

that you do not have a severe impairment and are, therefore, not disabled.  We will not

consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); § 416.920(c).

---

[4] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  *Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority*."  11th Cir. R. 36-2 (emphasis added).

An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities."[5] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1521(a). When an impairment "is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience," it will be classified as non-severe. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* SSR 85-28, 1985 WL 56856 (1985). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987); *see also* 20 C.F.R. § 404.1523; § 416.923. A claimant has the burden to show that she has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff had the following severe impairments: "coronary artery disease, osteoarthritis of the knees and right shoulder, hypertension, diabetes mellitus, cervical radiculopathy, carpal tunnel syndrome, and obesity." (R. 27.) The ALJ also found

---

[5] Basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out and remembering simply instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b)(1)-(6).

that plaintiff had the following non-severe impairments: "a history of hyperlipidemia, asthma/chemical burns of the lungs, history of h-pylori bacteria, back pain, diminished vision, and depression." (R. 28.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); § 416.920(d). The claimant has the burden of proving that her impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 F. App'x. at 863.

The ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (R. 28.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that her impairment prevents her from performing her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); § 416.920(a)(4)(iv), (f). At step four, the Commissioner

"will first compare [the Commissioner's] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 404.1560(b); § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it." 20 C.F.R. § 404.1560(b)(1); § 416.960(b)(1). If the claimant is capable of performing her past relevant work, the Commissioner will find that she is not disabled. 20 C.F.R. § 404.1560(b)(3); § 416.920(f). The claimant bears the burden of establishing that the impairment prevents her from performing past work. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ made the following findings regarding plaintiff's RFC:

> [T]he claimant has the residual functional capacity to perform light work . . . but must avoid all use of ladders, scaffolds, or ropes; can only occasionally climb ramps and stairs; occasionally balance using a hand-held assistive device; can occasionally stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme heat and humidity and all exposure to hazardous moving machinery and unprotected heights; can perform no more than frequent handling and fingering bilaterally.

(R. 30.) The ALJ consulted a Vocational Expert ["VE"] to determine if plaintiff could perform any past relevant work, and the VE testified that an individual with plaintiff's age, education, and work experience could perform plaintiff's past relevant work as a sales clerk. (R. 65.) The ALJ found at step four that plaintiff was capable of performing past relevant work and was not disabled and, therefore, did not proceed to step five. (R. 32-33.)

## B. MS. TILLIS'S CLAIMS

Plaintiff argues that (1) the ALJ's RFC findings were not based on substantial evidence, and (2) the ALJ erred in failing to apply the Medical Vocational Rules ("MVR") favorably. (Doc. 9 at 6-8.) Upon reviewing the record and the parties' briefs, the court finds that the Commissioner's decision is due to be affirmed.

### 1. Substantial Evidence Supporting the ALJ's RFC Findings

To support her argument that the ALJ did not rely on substantial evidence in assessing plaintiff's RFC, plaintiff states:

> An RFC assessment for light work was prepared at the State Agency in the format required under SSR 96-8p on 8/27/10 (R. 320). However it was authored by a non M.D. disability examiner (R. 327) whose opinion is not entitled to any weight as a non medical source (20 CFR 404.1513), and the ALJ accordingly gave this opinion no weight (R. 32). The ALJ gave partial weight to two opinions by State Agency medical consultants (R. 32). However, neither of these opinions directly comprised RFC information, one being merely a series of checked agree/disagree boxes with no direct reference to the RFC (R. 331) and the other merely stating a light RFC is appropriate (R. 330). An opinion from a non examining reviewing physician is in any event entitled to little weight. ([*Swindle v. Sullivan*], 914 F.2d 222 [(11th Cir. 1990]).

> The ALJ's RFC otherwise lacks clarity on the issue of a need for a cane. The ALJ found the claimant capable of occasional balancing with a hand held assistive device (R. 30) but did not explain why the assistive device would not be necessary for ambulation. Generally, in light of so many restrictions, particularly postural, the ALJ's RFC would better comport with a sedentary RFC which would readily lead to a finding of disability regardless of age category under the Medical Vocational Rules (MVR).

(Doc. 9 at 7.) The court agrees with defendant that, while plaintiff's argument is not clear, plaintiff appears to argue that the ALJ was required to rely on more substantial medical

opinion evidence in assessing plaintiff's RFC. (*See* Doc. 10 at 10.) The court finds that

plaintiff's argument is without merit, as the law is clear that an ALJ is not required to rely

on medical opinion evidence in assessing a claimant's RFC. *See Green v. Soc. Sec. Admin.*,

223 F. App'x 915, 923-24 (11th Cir. 2007) (finding no error where the ALJ rejected the only

medical opinion evidence of record and relied on non-opinion evidence in assessing the

plaintiff's RFC); SSR 96-5p ("Giving controlling weight to [treating source] opinions would

. . . confer upon the treating source the authority to make the determination or decision about

whether an individual is under a disability, and thus would be an abdication of the

Commissioner's statutory responsibility to determine whether an individual is disabled.").

Plaintiff next argues that the RFC assessment does not clearly define plaintiff's need

for a cane. (Doc. 9 at 7.) The RFC assessment provides that plaintiff can "occasionally

balance using a hand-held assistive device," and while plaintiff is correct that it does not state

whether plaintiff requires a cane to ambulate, the RFC does not preclude plaintiff from using

a cane to ambulate. (R. 30; *see* Doc. 9 at 7.) Plaintiff also argues that given the number of

restrictions in the ALJ's RFC assessment, the "RFC would better comport with a sedentary

RFC which would readily lead to a finding of disability regardless of age category under the

Medical Vocational Rules." (Doc. 9 at 7.) To the extent plaintiff "is seeking an independent

determination by this court that the ALJ's findings lead to the conclusion that [her] RFC

actually limits [her] to sedentary work, . . . [p]laintiff is mistaken about this court's scope of

review." *Stogner v. Astrue*, 2013 WL 3816559, at *8 (N.D. Ala. July 22, 2013). "[T]his court

is limited to review whether substantial evidence supports the Commissioner's findings, and

whether the correct legal standards were applied." *Id.*

> Defendant contends that the following findings are based on substantial evidence:
>
> (1) the ALJ found the medical evidence shows [p]laintiff had good recovery from her coronary problems citing consultative examiner Dr. James Lott, M.D., who determined on examination that [p]laintiff showed good physical results with some problems in her knees and shoulder (Tr. 31, 316-17); (2) the ALJ considered and gave great weight to State agency psychological examiner Dale Leonard, Ph.D.'s opinion that [p]laintiff has little history of mental health diagnosis, treatment or medical prescriptions and that she has a broad range of independent daily living activities with substantial demonstrated abilities in all functional domains (Tr. 31, 300-13); (3) the ALJ gave some weight to State agency medical consultant Robert Singleton, M.D.'s opinion that despite diagnoses and impairments [p]laintiff is able to work at a light level of exertion with additional postural and environmental limitations (Tr. 32, 328-30), but did not give his opinion great weight because he endorsed visual limitations, which the ALJ found were not supported by the record (Tr. 32, 328-30); (4) the ALJ gave partial weight to State agency medical consultant Dr. Jayant Desai, M.D.'s opinion that [p]laintiff did not require manipulative, visual, communicative, or environmental limitations (Tr. 32, 331); (5) the ALJ found the evidence shows [p]laintiff did not have substantial breathing problems following resolution of her h-pylori bacteria infection (Tr. 32, 277, 280); (6) the ALJ found [p]laintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not fully credible, to the extent they are inconsistent with the ALJ's RFC finding (Tr. 31); and (7) the ALJ found [p]laintiff was able to perform an extremely broad range of daily living activities, including using a computer, living independently, reading, and watching television, which the ALJ found shows she retains sufficient visual acuity and visual fields needed to read written instructions and to avoid ordinary hazards in the workplace, as prescribed by SSR 85-15p (Tr. 31, 178-180).

(Doc. 10 at 7-9 (footnotes omitted).) The court agrees and finds that substantial evidence

supports the ALJ's RFC findings, including the finding that plaintiff can perform light work.

## 2. Medical Vocational Rules

Plaintiff next contends that the ALJ failed to apply the MVR favorably to plaintiff. (Doc. 9 at 8.) Additionally, plaintiff argues that the ALJ erred in defining plaintiff's past relevant work as a sales clerk as an "unskilled position requiring a light level of exertion" because a sales clerk position has a specific vocational preparation ("SVP") level of three, thereby indicating that it is semi-skilled work. (*Id.* at 8-9; *see* SSR 00-4p ("semi-skilled work corresponds to an SVP of 3-4").) Plaintiff argues that, not only was the ALJ's statement incorrect, but the ALJ's finding that plaintiff can return to past relevant work is inconsistent with the testimony and not based on substantial evidence. (Doc. 9 at 9.)

First, defendant responds that the MVR do not apply in this case because they apply, "if at all, only *after finding a claimant unable to perform her past work* at step four, when determining whether she can perform other work at step five." (Doc. 10 at 12.) The Introduction to the MVR states:

> The following rules reflect the major functional and vocational patterns which are encountered in cases which cannot be evaluated on medical considerations alone, where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity *and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work*. They also reflect the analysis of the various vocational factors (i.e., age, education, and work experience) in combination with the individual's residual functional capacity (used to determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work) *in evaluating the individual's ability to engage in substantial gainful activity in other than his or her vocationally relevant past work*.

20 C.F.R. Part 404, Subpart P, App'x 2 § 200.00 (emphasis added). The court agrees with defendant that the MVR do not apply in this case, as the ALJ found that plaintiff could perform past relevant work and, therefore, properly concluded his analysis at step four of the sequential evaluation process without proceeding to step five— the step at which an ALJ applies the MVR.

Regarding plaintiff's next argument, plaintiff is correct that the ALJ improperly identified her past work as a sales clerk as "an unskilled position," but the court finds that this error is harmless. The ALJ found that plaintiff was able to perform light exertional work with several limitations: plaintiff "must avoid all use of ladders, scaffolds, or ropes; can only occasionally climb ramps and stairs; occasionally balance using a hand-held assistive device; can occasionally stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme heat and humidity and all exposure to hazardous moving machinery and unprotected heights; [and] can perform no more than frequent handling and fingering bilaterally." (R. 30.) Plaintiff's past work as a sales clerk requires light work, defined as "[e]xerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects."  DICOT 290.477-014 (G.P.O.), 1991 WL 672554.

The court finds that the ALJ's RFC assessment is consistent with plaintiff's past relevant work as a sales clerk, performed at the light exertional level, and thus, the ALJ's RFC findings, which are based on substantial evidence as discussed above, support the ALJ's finding that plaintiff could perform past relevant work. The court agrees with defendant that the ALJ's statement that plaintiff's past work was unskilled does not "contradict or undermine the substantial evidence supporting [the ALJ's] finding that [p]laintiff is able to perform her past work as a sales clerk." (Doc. 10 at 14.) Therefore, the court finds no reversible error.

## IV. CONCLUSION

Based on the reasons set forth above, the decision of the ALJ, as adopted by the Commissioner, denying plaintiff's claim for a period of disability, DIB, and SSI is due to be affirmed. An Order affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 11th day of March, 2015.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE